United States District Court
Southern District of Texas

**ENTERED**

February 22, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLINS O. NYABWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2638 |
| | § | |
| WARDEN, PAM LYCHNER STATE JAIL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Former state inmate Collins O. Nyabwa, has filed a 42 U.S.C.
§ 1983 Complaint and Brief in Support Thereof ("Complaint") (Docket
Entry No. 1), alleging that he was wrongly imprisoned by the Warden
of the Pam Lychner State Jail facility.  Nyabwa has also filed a
Motion for Default Judgment (Docket Entry No. 5) and a Motion for
Summary Judgment on his own behalf (Docket Entry No. 8).  Because
Nyabwa proceeds in forma pauperis, the court is required to
scrutinize the claims and dismiss the Complaint, in whole or in
part, if it determines that the Complaint "is frivolous, malicious,
or fails to state a claim upon which relief may be granted" or
"seeks monetary relief from a defendant who is immune from such
relief."  28 U.S.C. § 1915(e)(2)(B).  After considering all of the
pleadings, the court will vacate the Order entered on November 1,

2016, referring this case to a Magistrate Judge (Docket Entry No. 6), and will dismiss this case for the reasons explained below.

## I.  Background

Nyabwa was charged in state court with three counts of "improper photography" in violation of § 21.15(b)(1) of the Texas Penal Code.[1]   At the time of those charges the Texas improper photography statute made it a criminal offense to photograph, record, or broadcast by video "a visual image of another at a location that is not a bathroom or private dressing room: (A) without the other person's consent; and (B) with intent to arouse or gratify the sexual desire of any person."   Tex. Penal Code § 21.15(b)(1) (West 2011).

Nyabwa challenged the constitutionality of the Texas improper photography statute by filing a pretrial writ of habeas corpus, which the trial court denied.   That decision was affirmed by the state court of appeals, which concluded that the statute was not unconstitutional.  See Ex parte Nyabwa, 366 S.W.3d 719 (Tex. App. — Houston [14th Dist.] 2011).   The Texas Court of Criminal Appeals refused Nyabwa's petition for discretionary review from that decision.  See Ex parte Nyabwa, 366 S.W.3d 710 (Tex. Crim. App. 2012).

---

[1]See Petition for a Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition"), Docket Entry No. 1, p. 2, in Civil No. H-12-1152 (S.D. Tex.).

On July 29, 2011, Nyabwa entered a guilty plea to the improper photography charges against him and received a one-year prison sentence.[2]  He did not pursue an appeal from the conviction.[3]

From August of 2011 through July of 2012 Nyabwa was imprisoned at the Pam Lychner State Jail facility in Humble, Texas, as the result of his improper photography conviction.[4]  On September 17, 2014, the Texas Court of Criminal Appeals found the Texas improper photography statute unconstitutional.  See Ex parte Thompson, 442 S.W.3d 325 (Tex. Crim. App. 2014).  On August 23, 2016, Nyabwa's improper photography conviction was vacated on federal habeas corpus review.  See Nyabwa v. Davis, Civil No. H-12-1152 (S.D. Tex.) (Docket Entry Nos. 95, 96).

Noting that the Texas improper photography statute was declared unconstitutional and that his conviction was set aside, Nyabwa now argues that he was falsely imprisoned by the Warden of the Pam Lychner State Jail facility from August of 2011 to July of 2012.[5]  Invoking 42 U.S.C. § 1983, Nyabwa seeks $5 million in damages for his wrongful confinement.[6]

---

[2]Id. at 2-3.

[3]Id. at 3.

[4]Complaint, Docket Entry No. 1, p. 3.

[5]Id.

[6]Id. at 7.

## II. Discussion

Nyabwa concedes in his Complaint that he has filed a previous unsuccessful civil action against the Warden of the Pam Lychner State Jail, alleging the same claim of false imprisonment.[7] In that case the district court dismissed Nyabwa's claim for damages as barred by the rule in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), because his underlying conviction for improper photography had not yet been set aside. See Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-1643 (S.D. Tex. June 30, 2016) (Docket Entry No. 5, pp. 3-4). In the alternative, the district court dismissed Nyabwa's Complaint because he failed to state a valid claim for false imprisonment. See id. at 3-4 (concluding that Nyabwa failed to articulate a claim of false imprisonment under state law or the Fourteenth Amendment). Nyabwa's appeal from that decision was dismissed on his own motion. See Nyabwa v. Warden, Pam Lychner State Jail, No. 16-20436 (5th Cir. Sept. 16, 2016).

Since that time other courts have also dismissed Nyabwa's claims of false imprisonment stemming from his conviction for improper photography, which also resulted in his detention by immigration officials. See Nyabwa v. CCA, Civil No. H-16-1644 (S.D. Tex. Feb. 1, 2017) (Docket Entry No. 23, pp. 6-9); Nyabwa v. Unknown Jailers at CCA, Civil No. H-16-0782 (S.D. Tex. Jan. 27, 2017) (Docket Entry No. 31, pp. 5-7); see also Nyabwa v.

---

[7]Id.

United States, No. 1:16-1056, 2017 WL 80076, at *7 (Ct. Fed. Cl. Jan. 6, 2017) (noting that Nyabwa's detention by immigration officials was not improper because it was based on his criminal conviction, which was not vacated until 2016, well after he was released from custody).

The court need not repeat at length the legal analysis on which these prior rulings are based.  It is sufficient to note that "[t]he essential elements of false imprisonment are:  (1) willful detention; (2) without consent; and (3) without authority of law." Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995) (quoting Sears, Roebuck & Co. v. Castillo, 693 S.W.2d 374, 375 (Tex. 1985)).  "If an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction, an action for false imprisonment will not lie."  James v. Brown, 637 S.W.2d 914, 918 (Tex. 1982); accord Pete v. Metcalfe, 8 F.3d 214, 218-19 (5th Cir. 1993) (rejecting a false imprisonment claim against prison officials where the plaintiff's imprisonment "was the result of a judgment of conviction by a court with jurisdiction over him").  Because Nyabwa's conviction for improper photography was not vacated until 2016, he cannot show that the one-year sentence of imprisonment that he received in 2011 or his subsequent detention by CCA from July of 2012 through November of 2013 was without authority of law; and he cannot otherwise establish a claim for false imprisonment

-5-

against the officials who held him in custody pursuant to the conviction. See James, 637 S.W.2d at 918; see also United States ex rel. Bailey v. Askew, 486 F.2d 134, 135 (5th Cir. 1973) (per curiam) (noting that "a jailer cannot be held liable for an error in an order of commitment which is patently proper") (citation omitted); Contreras v. Schiltgen, 122 F.3d 30, 33 (9th Cir. 1997) (observing that immigration officials are "entitled to rely on the conviction as a basis for custody and eventual deportation" until the conviction is "successfully overturned") (citation omitted).

Based on this record, the Complaint in this case will be dismissed as legally frivolous because the allegations are meritless and have no arguable basis in law. See Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir. 1992) (A complaint filed in forma pauperis may be dismissed sua sponte as frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success.") (citation omitted). To the extent that Nyabwa repeats allegations in this case that were raised by him previously in another civil action that he filed against the Warden of the Pam Lychner State Jail, the Complaint is also malicious. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam).

Court records reflect that Nyabwa has filed at least six unsuccessful civil actions in the federal courts stemming from his

conviction for improper photography and his allegations of false imprisonment: Nyabwa v. Keller, Civil No. 1:15-0735 (W.D. Tex. Dec. 30, 2015); Nyabwa v. Unknown Jailers at CCA, Civil No. H-16-0782 (S.D. Tex. Jan. 27, 2017); Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-0786 (S.D. Tex. May 23, 2016); Nyabwa v. United States, No. 1:16-1056 (Ct. Fed. Cl. Jan. 12, 2017); Nyabwa v. Warden, Pam Lychner State Jail, Civil No. H-16-1643 (S.D. Tex. June 30, 2016); and Nyabwa v. CCA, Civil No. H-16-1644 (S.D. Tex. Feb. 1, 2017). Several similar actions remain pending: Nyabwa v. United States, Civil No. H-16-0783 (S.D. Tex.); Nyabwa v. CCA, Civil No. H-16-3792 (S.D. Tex.); and Nyabwa v. Harris County Sheriff, Civil No. H-17-0028 (S.D. Tex.). Nyabwa is warned that he will face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, meritless cases in the federal courts.

## III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Order referring this case to a United States Magistrate Judge (Docket Entry No. 6) is **VACATED.**

2.  The 42 U.S.C. § 1983 Complaint filed by Collins O. Nyabwa (Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and malicious.

3.  The Motion for Default Judgment (Docket Entry No. 5) and Motion for Summary Judgment (Docket Entry No. 8) filed by Nyabwa are **DENIED.**

-7-

4.   Nyabwa is **WARNED** that he will face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, meritless cases in the federal courts.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 22nd day of February, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE